IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RICHARD MARK TURNER,          )
                              )
        Plaintiff,            )
                              )
    v.                        ) Civ. No. 03-048-SLR
                              )
CORRECTIONAL MEDICAL SERVICES,)
et. al.,                      )
                              )
        Defendants.           )

**MEMORANDUM ORDER**

At Wilmington this _10th_ day of August, 2005, having

considered plaintiff's motion[1] for injunctive relief to stop

defendants' retaliatory conduct, defendants' response and

plaintiff's reply thereto (D.I. 190, 195, 196, 197, 198, 202,

205);

IT IS ORDERED that plaintiff's motion for injunctive relief

(D.I. 190) is denied for the reasons that follow:

1.  **Background.**  Plaintiff alleges that defendants are

retaliating against him because he is pursuing the case at bar

and exposing corruption in the prison.[2]  He contends that

---

[1]Pursuant to the court's referral for representation order (D.I.
192, 193), attempts to find counsel for plaintiff are underway.
As a result, the entire case, with the exception of the motion at
bar, has been stayed.  **Additional filings will not be accepted
until an appearance by counsel for plaintiff has been entered.**

[2]Plaintiff filed this 42 U.S.C. § 1983 action alleging that the
medical care provided by defendants was deficient under the
Eighth Amendment.  (D.I. 2)  Plaintiff suffers from Hepatitis C
and is treated with a powerful interferon drug therapy to combat
the disease.  He also has psychiatric problems that require
treatment with medication.  (D.I. 192)

defendants are refusing to copy materials that are essential to his lawsuit and, as a result, are controlling the arguments and papers that are filed with the court.  Such conduct, plaintiff asserts, wrongfully interferes with his constitutionally protected right to access the courts.  Plaintiff also states that defendants are spreading lies and denying him a specially ordered medical diet to punish him for pursuing the lawsuit.  (D.I. 190)

2.   With respect to plaintiff's claim that he is denied copies of legal documents and that defendants control his litigation strategy, defendants assert their actions are consistent with Delaware Department of Correction Policy 4.0,[3] which establishes guidelines for the handling of all outgoing mail.  Legal services administrator, Michael Little, explained the effect of Policy 4.0 on plaintiff as follows:

> On or about October 25, 2004, [plaintiff] received a notice
> from the court denying his motion to introduce new evidence.

---

[3]Pursuant to 11 Del. C. §6517, Policy 4.0 was enacted to "establish the policy of the Department on all outgoing mail from individuals in the Department of Correction ("DOC") custody." (D.I. 198-2)

At this time, all parties to the lawsuit, including
[plaintiff], were ordered not to file any papers until
further order of the court.
On April 8, 2005, [plaintiff] filed oversized exhibits with
the court and sent copies to all parties to this lawsuit.
These photocopies were made by the law librarians at DCC.
[Plaintiff's] law library usage and the frequency
and volume of copied pages of legal material provided to
him by the Delaware Correctional Center since the filing
of his lawsuit exceeds 26,000 copies solely in the year
beginning June 2004 through June 2005.
[Plaintiff's] use of DCC law library facilities, including
the use of a photocopy services is provided to him free
of charge so long as the mail constitutes legal mail.
Otherwise, [plaintiff], as do all inmates, must go to the
business office and sign a pay-to request for copies at
a charge of 25 cents per copy.  The policy specifies the
procedures for indigent inmates as well.  In connection
with providing inmates photocopy privileges, the Department
incurs a significant financial burden to ensure that inmates
can file meaningful legal papers.
Prison officials have not prevented [plaintiff] from
sending copies of legal mail to the courts, and now with
respect to this court's order directing that the current
matter is stayed pending referral of representation,
[plaintiff's] efforts to send more documents are rejected.
[Plaintiff] will not suffer immediate and irreparable
hardship if the prison officials enforce their outgoing
mail rules and regulations.
Nowhere, in the records of any photocopy report received
or in the review of the District Court's case docket
report have I been able to find a piece of evidence
that [plaintiff's] access to the courts have been
frustrated to cause his actual injury.

(D.I. 198-3)

3.   Defendants further submit that plaintiff was given a

special diet, but he refused to pick up the special food 61% of

the time.[4]  (D.I. 183, Ex. 1)

4.   In reply, plaintiff disputes that he has made over

---

[4]The inmate diet report reveals that a medical diet was ordered
for plaintiff on December 13, 2001 and remained in place until
September 21, 2004.  (D.I. 183, Ex. 1)  Although the diet was
changed from time to time, it is evident that plaintiff was
afforded the opportunity to partake in these special meals.

26,000 copies and asserts that defendants' conduct is related to his litigation.  He also challenges the availability of the special diet and indicates he was compliant.  (D.I. 202, 205)

5.   **Standard of Review.**  "[T]he grant of injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'"  Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989) (quoting Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988)).  The grant or denial of a motion for injunctive relief is within the sound discretion of the district judge.  Eli Lilly & Co. v. Premo Pharmaceutical Laboratories, Inc., 630 F.2d 120, 136 (3d Cir. 1978).

6.   A plaintiff moving for a injunctive relief must demonstrate:  (1) the likelihood of success on the merits; (2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the extent to which the defendant will suffer irreparable harm if the requested relief is granted; and (4) the public interest will not be adversely affected by the granting of relief.  Clear Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Maldonado v. Houstoun, 157 F.3d 179, 184 (3d Cir. 1998).  An injunction should only issue if all four factors favor relief.  See S & R Corp. v. Jiffy Lube Inter., Inc., 968 F.2d 371, 374 (3d Cir. 1992).

7.   In order to show a likelihood of success on the merits of his retaliation claim, plaintiff must demonstrate:  (1) the conduct which led to the alleged retaliation was constitutionally

4

protected; (2) that he suffered some adverse action that was
sufficient to deter a person of ordinary firmness from exercising
his constitutional rights; and (3) the constitutionally protected
conduct was a substantial or motivating factor in the decision to
take adverse action.  Rauser v. Horn, 241 F.3d 330, 333 (3d Cir.
2001); Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000).
If plaintiff demonstrates that the constitutionally protected
conduct "was a substantial or motivating factor in the challenged
decision, prison officials may still prevail by proving that they
would have made the same decision absent the protected conduct
for reasons reasonably related to a legitimate penological
interest." Id. at 334.

    8.  **Analysis.**  Applying this authority to the record, the
court finds that the conduct that led to plaintiff's claim of
retaliation was constitutionally protected, as inmates have a
constitutional due process right of access to the courts.  Bounds
v. Smith, 430 U.S. 817 (1977); Lewis v. Casey, 518 U.S. 343
(1996); Forchion v. Intensive Supervised Parole, 240 F. Supp.2d
302, 308 (D. N.J. 2003).

    9.  As to the two remaining elements of a retaliation
claim, however, the record is unavailing.  Specifically, the
affidavit testimony of the DOC legal services administrator
conclusively establishes that plaintiff's copying privileges were
curtailed because of this court's orders that: prohibited
additional filings (D.I. 170); stayed the case (D.I. 192); and,
finally, referred the matter to the Federal Civil Panel in an

5

attempt to find plaintiff assistance of counsel (D.I. 193).
Despite the court's orders, however, plaintiff has continued to
file documents (D.I. 202, 205) and his ability to access the
court has not been foreclosed.  The court's docket reflects that
since May 19, 2005, plaintiff has filed 88 pages of documents.
(D.I. 189, 196, 202)  In addition, on July 22, 2005, plaintiff
filed a second response to defendant's opposition to his motion
for injunctive relief.  (D.I. 205)  This voluminous filing
measures over 4 inches high and includes documents addressing
injunctive relief, as well as  documents related to his medical
claims that plaintiff has filed repeatedly with the court.  These
filings evince plaintiff has not been denied access to the
courts.

     10.  Moreover, the record fails to substantiate plaintiff's
claims that his litigiousness is a "substantial or motivating
factor" in the alleged retaliatory conduct.  To the contrary, the
court finds DOC Policy 4.0 is reasonably related to legitimate
penological objectives and was not applied in a retaliatory
fashion against plaintiff.  Turner v. Safley, 482 U.S. 78, 89
(1987); Pell v.Procunier, 417 U.S. 817, 822 (1974).

     11.  With respect to the special medical diet, the record
reflects that plaintiff was afforded these meals but, for
whatever reason, did not always take the meals.  Having found the
meals were supplied, there is nothing to support plaintiff's
claim that the meals were denied in retaliation for his
litigation.

6

12.   **Conclusion.**   Having failed to satisfy the elements of a retaliation claim, plaintiff's motion for injunctive relief is denied.  **No additional filings will be accepted until an appearance by counsel for plaintiff has been entered.**


                                                  _____
                                            United States District Judge