IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICHARD MARK TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 03-48-SLR |
| | ) | |
| C.M.S, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Plaintiff, Richard Mark Turner, recently released from prison, was incarcerated at the time he initiated this lawsuit. Before the court is his motion to reconsider the court's memorandum opinion and order, filed August 20, 2003, dismissing the claims against Prison Health Services ("PHS") and Dr. Keith Ivens ("Dr. Ivens"). (D.I. 79, 80, 217) PHS responded by letter noting that plaintiff did not file a timely appeal of its dismissal, and contending that there is no procedural basis for plaintiff to bring the motion to reconsider. (D.I. 223)

Plaintiff also moves the court to reconsider its December 18, 2003 order granting summary judgment in favor of defendants First Correctional Medical ("FCM"), Dr. Suresh Trivedi, Dr. Stanley Hoffman, and Nurse Robert Hampton. (D.I. 110, 218) Plaintiff submitted exhibits in support of both motions. (D.I. 219)

I.   **PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff filed this § 1983 lawsuit alleging that the medical care he received during his incarceration violated his Eighth and Fourteenth Amendment rights under the U.S. Constitution. On August 20, 2003, the court issued a memorandum opinion dismissing as time barred the claims against PHS. (D.I. 79) An order granting PHS' motion to dismiss was entered the same day. (D.I. 80)

On December 18, 2003, the court entered a memorandum order granting summary judgment in favor of defendant FCM and its employees, finding that there was nothing in the record to suggest that these defendants acted with deliberate indifference to plaintiff's medical needs. (D.I. 110) In turn, plaintiff filed a notice of appeal of the memorandum order, and a motion to reargue the decision. (D.I. 112, 113) On January 16, 2004, for the reasons stated in the December 18, 2003 memorandum order, the court entered judgment in favor of defendant FCM and its employees, and against plaintiff. (D.I. 116). The court denied plaintiff's motion for reargument on February 12, 2004, and at the same time stayed the case pending the decision of plaintiff's appeal by the U.S. Court of Appeals for the Third Circuit. (D.I. 123) On March 1, 2004, the appeal was dismissed for failure to timely prosecute, Turner v. CMS Corr Med Ser, No. 04-1056 (3d Cir. Mar. 1, 2004), and the stay was lifted. (See D.I. 125, 126)

On March 31, 2004, plaintiff filed a motion for relief from judgment, which was denied on July 16, 2004. (D.I. 131, 147) Plaintiff then filed a motion to reconsider the denial of the motion for relief from judgment. (D.I. 150) That motion was denied on November 4, 2004. (D.I. 173)

In the meantime, on October 26, 2004, the court entered an order that no papers were to be filed with the court due to the numerous filings of plaintiff. (D.I. 170) Nonetheless, from November 30, 2004 through June 15, 2005, the parties continued to file documents with the court. (D.I. 179-80, 182-86, 190, 195-98)

On June 15, 2005, the court again stayed the case pending the results of a review by the Federal Civil Panel regarding appointment of counsel for plaintiff. (D.I. 194) Despite the stay, documents continued to be filed with court. (D.I. 195-98, 200-05, 207-13) The stay was lifted on May 5, 2006, after an unsuccessful attempt to find a lawyer willing to represent plaintiff. (D.I. 214) On May 24, 2006, Dr. Ivens was dismissed as a defendant based upon plaintiff's failure to timely serve him pursuant to Fed. R. Civ. P. 4(m). (D.I. 220)

## II. ANALYSIS

### A. Timeliness

A motion to alter or amend a judgment must be filed within 10 days of entry of the judgment, and that time may not be

extended. Fed. R. Civ. P. 6(b); Fed. R. Civ. P. 59(e). Also, the Local Rules of Civil Practice and Procedure for this District provide that a motion for reargument shall be served and filed within 10 days after the filing of the court's opinion or decision. D. Del. LR 7.1.5.

Pursuant to Fed. R. Civ. P. 60(b), a motion for relief from a judgment or order need only be filed within a reasonable time. Fed. R. Civ. P. 60(b); Moolenaar v. Government of the Virgin Islands, 822 F.2d 1342, 1346 (3d Cir. 1987). "'What constitutes [a] 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and [the consideration of] prejudice [if any] to other parties.'" Dietsch v. United States, 2 F.Supp.2d 627, 633 (D.N.J. 1998) (quoting Devon v. Vaughn, No. 94-2534, 1995 WL 295431, at *2 (E.D.Pa. Apr. 27, 1995) (citations omitted). However, if the motion is based upon mistake, newly discovered evidence, or fraud, then it must be filed within one year of entry of the judgment or order. Fed. R. Civ. P. 60(b).

Plaintiff seeks reconsideration of a memorandum opinion and order, both filed on August 20, 2003. (D.I. 79, 80) As to these two documents, he moves for reconsideration based upon an error by the court, fraudulent concealment, and newly discovered evidence. (D.I. 217) In his motion, plaintiff refers to the

dismissal of PHS and Dr. Ivens.  Dr. Ivens, however, was not dismissed in the court's August 20, 2003, memorandum opinion and order.  Rather, he was dismissed on May 24, 2006, because he was not timely served as required by Fed. R. Civ. P. 4(m).  (D.I. 220)  Accordingly, the court will deny the motion for reconsideration (D.I. 217) as to Dr. Ivens.

When a motion for reconsideration is based upon mistake, newly discovered evidence, or fraud, such as the one filed by plaintiff, then the motion must be filed within one year of entry of the order in question.  The memorandum opinion and order were filed on August 20, 2003, yet plaintiff did not file his motion for reconsideration until May 22, 2006.  Even excluding the months during the time this case was stayed (i.e., from February 12, 2004, to March 31, 2004, and from June 12, 2005 to May 6, 2006), plaintiff did not timely file his motion for reconsideration of the August 20, 2003, memorandum opinion and order.  Indeed, he waited close to two years before filing the motion for reconsideration.

Based upon the foregoing analysis, the motion for reconsideration as to PHS will be denied for failure to file within one year of the August 20, 2003, memorandum opinion and order as required by Fed. R. Civ. P. 60(b).

### B.    Reconsideration

As discussed above, plaintiff appealed and filed a motion to reconsider the court's dismissal of defendant FCM its employees in its December 18, 2003 order. In his first motion to reconsider the December 18, 2003 order (D.I. 150), plaintiff asserted he had new evidence to prove his allegations against the FCM defendants. Plaintiff provided the court with numerous medical articles, and responded and contradicted statements made by Dr. Alie. The court denied the motion for reconsideration, finding that plaintiff's submissions did not specifically address his allegations of constitutionally deficient medical care. (D.I. 173) The court also determined that plaintiff's motion for reconsideration reflected his disagreement with the medical opinions of Dr. Alie rather than presenting information sufficient to justify reconsideration.

This second motion for reconsideration of the December 18, 2003 order is also based upon newly acquired evidence. Plaintiff, once again, takes exception to the statements of Dr. Alie and spends much time refuting those statements. (D.I. 218 at 2-5) As he did in his first motion for reconsideration, plaintiff again provides information regarding the seriousness of Hepatitis C and the dangers associated with treatment in general. He also provides certain medical records to support his position that reconsideration is appropriate. Plaintiff contends he has

new evidence to support his claim that FCM, Dr. Trivedi, Dr. Hoffman, and Nurse Hampton violated his constitutional rights.

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Additionally, the law of the case doctrine militates against courts re-deciding issues of law that were resolved earlier in the litigation. Public Interest Research Group of N.J., Inc. v. Magnesium Elektron, Inc., 123 F.3d 111, 116 (3d Cir. 1997.

The court finds no reason to review or reverse its rulings in the December 18, 2003 memorandum order or the November 4, 2004 order that denied plaintiff's motion for reconsideration of the December 18, 2003 order. (D.I. 110, 173) The court has reviewed the voluminous medical records and medical articles provided by plaintiff. Clearly, plaintiff was provided with medical treatment. It is evident that plaintiff disagrees with, and believes, he received improper and inadequate treatment at the hands of FCM and its employees. As discussed in prior orders,

the evidence indicates that plaintiff was provided with medical care and treatment, and plaintiff's disagreement and displeasure, even if coupled with medical malpractice, does not rise to the level of a constitutional violation pursuant to 42 U.S.C. § 1983.

Plaintiff has not demonstrated any of the grounds necessary to warrant reconsideration. Accordingly, the motion for reconsideration of the December 18, 2003 memorandum order (D.I. 218) will be denied.

## III. CONCLUSION

IT IS THEREFORE ORDERED, at Wilmington this 20th day of July, 2006, that the motions for reconsideration (D.I. 217, 218) are DENIED.

_____
UNITED STATES DISTRICT JUDGE