IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD MARK TURNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 03-048-SLR |
| ) | |
| CORRECTIONAL MEDICAL, ) | |
| SERVICES, ) | |
| ) | |
| Defendant. ) | |

Richard Mark Turner, pro se Plaintiff.

Kevin J. Connors, Esquire, of Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, Delaware. Counsel for Defendant Correctional Medical Services.

**MEMORANDUM OPINION**

Dated: July 17, 2007
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Presently before the court is the motion of defendant Correctional Medical Services, Inc., ("CMS") to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) and Local Rule 7.1.5 with supporting memorandum, the response of plaintiff, Richard Mark Turner ("plaintiff"), CMS' reply, and plaintiff's reply. (D.I. 276, 277, 281, 283, 286). Also before the court is plaintiff's motion for leave to present additional medical expert testimony and CMS' opposition thereto. (D.I. 280, 284) For the reasons set forth below, the court will deny CMS' motion to alter or amend judgment. (D.I. 276) The court will also deny plaintiff's motion to present additional medical expert testimony. (D.I. 280)

## II. BACKGROUND

Plaintiff filed this § 1983 lawsuit on October 11, 2002, against numerous defendants alleging that the medical care he received during his incarceration at the Delaware Correctional Center ("DCC") violated his Eighth and Fourteenth Amendment rights under the U.S. Constitution. On March 27, 2007, the court granted plaintiff partial summary judgment on the issue of the Interferon injection instruction. CMS moves to alter or amend the court's memorandum opinion and order.

## III. STANDARD OF REVIEW

CMS moves the court to grant its motion to alter or amend judgment and specifically asks the court to deny summary judgment to plaintiff on the issue of deliberate indifference to a serious medical need on the claim of failure to instruct plaintiff to rotate Interferon injection sites. The purpose of a motion to alter or amend

judgment is to "correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A motion to alter or amend the judgment must rely on one of three major grounds. See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). Accordingly, a court may alter or amend its judgment if the movant demonstrates at least one of the following: (1) a change in the controlling law; (2) availability of new evidence not available when summary judgment was granted; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. See Max's Seafood, 176 F.3d at 677.

## IV. DISCUSSION

### A. Sua Sponte Summary Judgment

CMS argues that, in granting plaintiff summary judgment on the issue of Interferon injections, the court denied it an opportunity to set forth specific facts to demonstrate there are genuine issues for trial that might affect the suit under the governing law. "It has long been established that, under the right circumstances, district courts are entitled to enter summary judgment sua sponte." Couden v. Duffy, 446 F.3d 483, 500 (3d Cir. 2006) (quoting Gibson v. Mayor and Council of Wilmington, 355 F.3d 215, 222 (3d Cir. 2004)). This may not occur, however, "without 'placing the adversarial party on notice that the court is considering a sua sponte summary judgment motion' and providing that party 'an opportunity to present relevant evidence in opposition to that motion.'" Coudon, 446 F.3d at 500 (other citations omitted). Notice is satisfied if "the targeted party had reason to believe the court might reach the issue and received a fair opportunity to put its best foot forward." Id. (other citations and

quotation marks omitted).

One of the main issues in CMS' motion for summary judgment was that it had no policies or conduct to demonstrate a deliberate indifference to plaintiff's serious medical needs. As is evident from the record, the Interferon injection issue was one of the main medical needs issue in this case. Certainly in seeking summary judgment on said issue, CMS had every reason to believe the court would reach the issue of the Interferon injections.

## B. Clear Error of Law or Manifest Injustice

CMS contends that its motion must be granted in order to correct a clear error of law or fact or to prevent manifest injustice. More particularly, it contends the record contains considerable genuine issues of material fact that preclude the grant of partial summary judgment in favor of plaintiff. It argues the record indicates plaintiff received training on injecting Interferon; the court assumed, without expert testimony, that the cause of plaintiff's infection at the injection site was a failure to rotate the injection site; and drawing all reasonable inferences in favor of CMS, the supervision of plaintiff during self-injection supports an inference that plaintiff was rotating his injection sites.

The court thoroughly reviewed the voluminous record prior to issuance of its memorandum opinion. Plaintiff concedes that he received some training on self-injection of Interferon. Indeed, this is reflected in the medical records and Dr. Sitta Gombeh-Alie's ("Dr. Alie") affidavit[1], now heavily relied upon by CMS. Nonetheless,

---

[1] The affidavit was filed by First Correctional Medical ("FCM") in support of its motion to dismiss. (D.I. 94, Ex. 5) The affidavit focuses mainly on the allegations raised against FCM.

3

plaintiff's unrebutted testimony is that he was never instructed that self-injection in the same site was contra-indicated and, further, that CMS employees who dispensed the Interferon to plaintiff never stopped him from self-injecting in the same spot.

CMS further argues that the court assumed, without expert testimony, that plaintiff's leg infection was caused by a failure to rotate the injection site. Expert testimony is not required in every medical needs case. See McCabe v. Prison Health Services, 117 F.Supp.2d 443, 452 (E.D. Pa. 1997) (citing Boring v. Kozakiewicz, 833 F.2d 468 (3d Cir. 1987) and noting that although expert testimony may be required in certain cases, "there is no general requirement in the Third Circuit that a plaintiff present expert testimony in Eighth Amendment deliberate indifference cases."). The medical record is replete with references to plaintiff self-injecting at the same site and an infection occurring at the injection site. Hence, a reasonable juror could conclude, without expert testimony, that repeated injections in the same site resulted in plaintiff's leg infection.

CMS argues it is irrelevant it had no policy as of May 2001 regarding the treatment of inmates with Hepatitis C and the only reasonable inference is that a Hepatitis C treatment protocol began for plaintiff in December 2001. As previously determined by the court, CMS' policies either failed to address the immediate medical needs of inmates afflicted with Hepatitis C or turned a blind eye to inadequate medical practices likely to result in a constitutional violation.

Finally, CMS argues there exists a genuine issue of material fact as to whether there is a direct causal link by its alleged inaction and plaintiff's claimed injury. It relies upon Dr. Alie's statement that "a recognized risk of Interferon treatment is the possible

4

development or aggravation of infections" which, according to CMS, suggests plaintiff's injury (i.e., infection) could have occurred even with a specific "healthcare policy" in place. Contrary to CMS' position, the record supports a finding that CMS had a policy or custom which violated plaintiff's constitutional rights. See Natale v. Camden County Corr. Facility, 318 F.3d 575, 584 (3d Cir. 2003).

"Custom" is defined as "an act 'that has not been formally approved by an appropriate decisionmaker,' but that is 'so widespread as to have the force of law'". Id. (quoting Board of Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 404 (1997)). There are three situations to consider in determining whether the acts of government employees, or employees of a private entity acting under color of state law, result from a government policy or custom. Natale, 318 F.3d at 584. They are 1) an appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy, 2) no rule has been announced as policy but federal law has been violated by an act of the policymaker itself, and 3) the policymaker has failed to act affirmatively at all, though the need to take some action to control the agents of the government is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need. Id. (internal citation omitted). Here, there is no genuine issue of material fact that CMS failed to act affirmatively to stop plaintiff from self-injection in the same site, and its self-administration policy was so inadequate it can reasonably be said CMS was deliberately indifferent to plaintiff's serious medical needs.

5

## V. CONCLUSION

For the reasons stated above, the court will deny CMS' motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(c) and Local Rule 7.1.5. (D.I. 276) The court will also deny plaintiff's motion for leave to present additional medical expert testimony in opposition to CMS' motion to alter or amend. (D.I. 280) An appropriate order will be entered.